IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03197-BNB

ALFRED LAWRENCE MONTANO,

    Applicant,

v.

JOHN DAVIS, Warden, and
JOHN SUTHERS, Attorney General,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Alfred Lawrence Montano, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at correctional facility in Buena Vista, Colorado. He attempted to initiate this action by filing *pro se* a motion titled "Motion for Stay of One Year Period of Limitation to Apply for Application for Writ of Habeas Corpus, or Enlargment [sic] of Time." ECF No. 1. The Court reviewed the document and determined it was deficient. Therefore, on December 7, 2012, Magistrate Judge Boyd N. Boland directed Mr. Montano to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims. *See* ECF No. 3.

    The December 7 order pointed out that Mr. Montano either must pay the $5.00 filing fee or submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and a certificate showing the current

balance in his prison account. Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires such a motion.

The December 7 order also directed Mr. Montano to submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The December 7 order further directed Mr. Montano to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 along with the applicable instructions, at www.cod.uscourts.gov. The December 7 order warned Mr. Montano that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On January 10, 2013, Mr. Montano submitted a Prisoner's Motion and Affidavit for Leave to Proceed [on Appeal] Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (ECF No. 4) that was not on the Court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. He also submitted a certificate showing the current balance in his prison account. *Id.* He failed, however, within the time allowed, to file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Therefore, the action will be denied and the action dismissed without prejudice for Mr. Montano's failure to cure all the deficiencies designated in the December 7 order to cure within the time allowed.

Even if Mr. Montano had cured all the designated deficiencies, including to file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, the Court still would deny his motion for stay.

To obtain habeas relief, a habeas corpus applicant must exhaust state remedies. 28 U.S.C. § 2254(b)(1)(A).  Whether to grant a stay and abeyance when an applicant has failed to exhaust state remedies on a particular claim is a matter of district court discretion.  *Rhines v. Weber*, 544 U.S. 269, 276-79 (2005).  "[S]tay and abeyance should be available only in limited circumstances." *Id.*  Pursuant to *Rhines*, Mr. Montano's motion to stay this action may be granted only if:  (1) he has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that he has engaged in intentionally dilatory litigation tactics.  *Id.*

Mr. Montano asks this Court to stay the instant habeas corpus proceeding so that he may return to the state courts to exhaust unspecified claims because he presently is preparing a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and needs "additional time to exhaust state remedies." ECF No. 1 at 1.

However, Mr. Montano fails to demonstrate that a stay is appropriate in this case because he does not address the first and third factors set forth in *Rhines* and he fails to allege what issue or issues he seeks to exhaust, making the Court unable to determine the second factor.  Therefore, the motion for stay will be denied.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Montano files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Alfred Lawrence Montano, within the time allowed, to cure the deficiencies designated in the order to cure of December 7, 2012. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that the motion titled "Motion for Stay of One Year Period of Limitation to Apply for Application for Writ of Habeas Corpus, or Enlargment [sic] of Time" (ECF No. 1) is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this 15th day of January, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court